UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:19-CV-81639

GIOVANNI CIAVOLINO,
HILARIO CRUZ, JR., and,
RONALD LEBLANC,
for themselves and others similarly situated,

      Plaintiffs,

vs.

INVICTUS INC.,
SPERE, INC.,
PHILLIP NOBLIN, and
JENNIFER RAMB,

      Defendants.
_____/

## **COLLECTIVE ACTION COMPLAINT FOR FLSA OVERTIME VIOLATION(S)**

      Plaintiffs, Giovanni Ciavolino, Hilario Cruz, Jr., and Ronald Leblanc, sue Defendants, Invictus Inc., Spere, Inc., Phillip Noblin, and Jennifer Ramb, for violating Section 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. ("the FLSA"), as follows:

### *Parties, Jurisdiction, and Venue*

    1.    **Plaintiff, Giovanni Ciavolino**, is over 18 years old and has been a *sui juris* resident of Palm Beach County, Florida, at all times material.

    2.    Plaintiff, Giovanni Ciavolino, was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

    3.    Plaintiff, Giovanni Ciavolino, was a non-exempt employee of Defendants.

    4.    Plaintiff, Giovanni Ciavolino, consents to participate in this lawsuit.

    5.    **Plaintiff, Hilario Cruz, Jr.**, is over 18 years old and has been a *sui juris*

1

resident of Palm Beach County, Florida, at all times material.

6. Plaintiff, Hilario Cruz, Jr., was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

7. Plaintiff, Hilario Cruz, Jr., was a non-exempt employee of Defendants.

8. Plaintiff, Hilario Cruz, Jr., consents to participate in this lawsuit.

9. **Plaintiff, Ronald Leblanc**, is over 18 years old and has been a *sui juris* resident of Palm Beach County, Florida, at all times material.

10. Plaintiff, Ronald Leblanc, was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

11. Plaintiff, Ronald Leblanc, was a non-exempt employee of Defendants.

12. Plaintiff, Ronald Leblanc, consents to participate in this lawsuit.

13. **Defendant, Invictus Inc. ("Invictus"),** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit security business in Palm Beach County, Florida, at all times material, where it maintains its principal place of business.

14. **Defendant, Spere, Inc. ("Spere"),** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit security business in Palm Beach County, Florida, at all times material, where it maintains its principal place of business

15. **Defendant, Phillip Noblin,** was at all times material an officer/director of both Invictus and Spere for the time period relevant to this lawsuit. He ran the day-to-day operations of Invictus and Spere, executed the contract pursuant to which Defendants provided services for Palm Beach County, was responsible for all operational decisions, was partially or totally responsible for paying Plaintiffs' wages and the and the wages of others similarly situated.

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
TEL 305.230.4884  FAX 305.230.4844
www.fairlawattorney.com

16. **Defendant, Jennifer Ramb,** was at all times material an officer/director of Invictus and Spere, for the time period relevant to this lawsuit. She also ran the day-to-day operations of Invictus and Spere, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiffs' wages and the and the wages of others similarly situated.

17. Defendants, Invictus Inc., Spere, Inc., Phillip Noblin, and Jennifer Ramb, were the direct employers, joint employers and co-employers of Plaintiffs and all others similarly situated for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

18. Defendants, Invictus Inc., Spere, Inc., Phillip Noblin, and Jennifer Ramb, operated out of the same office, performed the same security services, and jointly controlled Plaintiffs and others similarly situated in their work.

19. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants, maintained their principal places of business in this District, because Plaintiffs and others similarly situated worked and were due to be paid in Palm Beach County, and because most if not all of the operational decisions were made in this District.

20. This Court has original jurisdiction over Plaintiffs' federal question claim(s) pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201.

### *Facts*

21. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

3

22. Defendants have been at all times material engaged in interstate commerce in the course of their provision of security services which, traditionally, cannot be performed without using computers, radios, uniforms, badges, weapons, ammunition, identification cards, goods, materials, supplies, and equipment that have all moved through interstate commerce.

23. Defendants also engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors.

24. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

25. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

26. Defendants hired Plaintiffs and others similarly situated to train to become armed school security guards – or "Guardians" – in charter schools in Palm Beach County, Florida, where they would eventually work as armed school security guards or "Guardians".

27. Plaintiff, Giovanni Ciavolino, worked for Defendants from to August 6, 2019 through November 15, 2019.

28. Plaintiff, Hilario Cruz, Jr., worked for Defendants from to July 30, 2019 through November 15, 2019.

29. Plaintiff, Ronald Leblanc, worked for Defendants from to August 6, 2019 through November 15, 2019.

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

30. To the extent that records exist regarding the exact dates of Plaintiffs' employment exist, such records are in the exclusive custody of Defendants.

31. Plaintiffs' work for Defendants was actually in or so closely related to the movement of commerce while they worked for Defendants that the Fair Labor Standards Act applies to their work for Defendants in the course of their regularly and routinely using cellular telephones, weapons, ammunition, uniforms, and other goods, materials, and supplies that moved through interstate commerce.

32. Defendants promised Plaintiffs that upon completion of their training, Defendants would pay them at a rate of $19.60 per hour, and that they would be guaranteed 40 hours of year-round work, including holidays and summers.

33. Defendants further represented to Plaintiffs that the reason for only paying $19.60 per hour was because Defendants would be issuing checks year-round, and not just during the school year like other companies performing the same work.

### *Liability Allegations*

34. Defendants paid Plaintiffs and others similarly situated an hourly rate of $10.00 for each of the 144 hours they worked for Defendants during the mandatory training courses given by Defendants that Plaintiffs and the others similarly situated attended.

35. Plaintiffs and others similarly situated would regularly and routinely work more than 40 hours in a workweek for Defendants by working a total of 144 hours over a consecutive two-week period of time during the training classes they attended.

36. Defendants failed and refused to pay Plaintiffs and others similarly situated overtime wages calculated at time and one-half of their regular hourly rate(s) of pay for all hours

that they and others similarly situated worked over 40 hours in a given workweek during the training classes given by Defendants.

37. Defendants willfully and intentionally refused to pay Plaintiffs and others similarly situated wages at a rate of time and one-half times their regular rate of pay for each of the overtime hours they worked during the training classes given by Defendants.

38. Defendants either recklessly failed to investigate whether their failure to pay Plaintiffs and others similarly situated an overtime wage for the hours they worked during the training classes given by Defendants violated the Federal Wage Laws of the United States, they intentionally misled Plaintiffs and others similarly situated to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which the deprived Plaintiffs and others similarly situated of the overtime pay they earned.

39. Plaintiffs and others similarly situated are entitled to a backpay award of overtime wages for all overtime hours he worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

40. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiffs.

41. Plaintiffs retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### *Collective Action Allegations*

42. Plaintiffs bring this action on behalf of themselves and other similarly situated persons who work and who worked for Defendants in Florida during the three years immediately preceding the filing of the initial Complaint in this case through the date of the rendition of a final judgment in this action.

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

43. There are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA, deprived of the overtime pay they earned, and who would benefit from the issuance of notice of their rights, the present lawsuit, and their ability to join this lawsuit (without fear of retaliation for affected current employees of Defendants).

44. The class of similarly situated employees employed by Defendants who may become Plaintiffs in this action are current and former employees of Defendants who worked more than 40 hours in a workweek, who earned but did not receive overtime pay for all of the overtime hours worked during the 144-hour training class given by Defendants, and who are and who were subject to the same payroll practices and procedures as the Plaintiffs.

45. The class of similarly situated employees employed by Defendants are known to Defendants, readily identifiable from records maintained by Defendants, and necessarily will present legal and factual issues which are nearly the same, if not identical to Plaintiffs' issues.

46. Defendants paid Plaintiffs according to the same pay practice that they applied to its other employees who, like Plaintiffs, were not paid overtime wages calculated at time and one-half times their regular rate(s) of pay for all of the time worked as a result of Defendants' uniform practice of not paying overtime wages during the 144-hour training and instead paying them each at the rate of $10.00 per hour for each of the 144 hours worked during the training class(es).

47. Plaintiffs performed the same type of work under the same procedures, rules, and regulations, as a class of Defendants' other similarly situated employees who were not paid for all of the time they worked for Defendants and who were not paid overtime wages calculated at time and one-half times their regular rate(s) of pay for all of the time worked as a result of Defendants' payment for training at the regular rate only.

7

WHEREFORE Plaintiffs, Giovanni Ciavolino, Hilario Cruz, Jr., and Ronald Leblanc, demand the entry of a judgment in their favor and against Defendants, Invictus Inc., Spere, Inc., Phillip Noblin, and Jennifer Ramb, jointly and severally after trial by jury and as follows:

a. That the Court certify the instant suit as an opt-in class action under 29 U.S.C. § 216(b) for all similarly situated employees who elect to join these proceedings at the earliest opportunity so that Plaintiffs can send notice to all similarly situated employees of Defendants during the past three years;

b. That the Court designate Plaintiffs, Giovanni Ciavolino, Hilario Cruz, Jr., and Ronald Leblanc, as representatives for the Collective;

c. That the Court designate the undersigned as counsel for the Collective;

d. That Plaintiffs and all others similarly situated recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

e. That Plaintiffs and all others similarly situated recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

f. That Plaintiffs and all others similarly situated recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

g. That Plaintiffs and all others similarly situated recover all interest allowed by law;

h. That Defendants be Ordered to make Plaintiffs and all others similarly situated whole by providing appropriate overtime pay and other benefits

8

        wrongly denied in an amount to be shown at trial and other affirmative relief;

i. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

j. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, Giovanni Ciavolino, Hilario Cruz, Jr., and Ronald Leblanc, demand a trial by jury of all issues so triable.

Respectfully submitted this 9th day of December 2019.

> Brian H. Pollock, Esq.
> Brian H. Pollock, Esq. (174742)
> FAIRLAW FIRM
> 7300 North Kendall Drive
> Suite 450
> Miami, FL 33156
> Tel:    305.230.4884
> brian@fairlawattorney.com
> *Counsel for Plaintiffs*